PRYER, APPELLEE, *v.* PRYER, APPELLANT.

(No. 6-83-7—Decided August 17, 1984.)

*Ronald A. Pagano,* for appellant.
*Grimslid & Hood* and *Gregory A. Grimslid,* for appellee.

GUERNSEY, J. By decree filed in the Court of Common Pleas of Hardin County on April 14, 1976, the parties to this appeal were divorced and custody of their two minor sons was ordered, pursuant to the provisions of a separation agreement, given to the plaintiff mother, Celeste Pryer. On July 29, 1982, the defendant father, E. Richard Pryer, Jr., filed his motion for modification of the order by changing custody to him. This appeal by him results from the trial court's denial on May 19, 1983, of his motion. He assigns error of the trial court as follows:

"I. * * * in failing to find that a substantial change of circumstances had occurred between the time of the original custody decree and the filing of the motion for modification, thereby warranting a change of custody pursuant to Ohio Revised Code, Section 3109.04 (B)(1).

"II. * * * abused its discretion in failing to modify custody, since such modification to the father was clearly

what the best interests of the child required."

Although under the provisions of R.C. 3109.04(B) it is necessary that before a divorce court exercises its continuing jurisdiction to modify custody it find that a change has occurred in the circumstances of the child or custodian "based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree," such finding, in and of itself, does not demand a modification. Any modification must be necessary to serve the best interests of the child and shall not be made unless one of the following applies:

"(a) The custodian or both joint custodians agree to a change in custody.

"(b) The child, with the consent of the custodian or of both joint custodians, has been integrated into the family of the person seeking custody.

"(c) The child's present environment endangers significantly his physical health or his mental, moral, or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

There was utterly no evidence that either item (a) or item (b) above had occurred and the evidence did not, considering the fact that the weight and credibility to be given same was within the scope of the trial court's responsibilities, compel a conclusion that item (c) existed. Thus, none of the three circumstances permitting a modification of custody existed insofar as determined by the trial court by weighing the evidence before it. These conclusions apply equally to both assignments of error.

As to the second assignment of error, consideration of the broad issue of the best interests of the child, or children, does not arise before the trial court until the existence of item (a), item (b), or item (c) is established, although, in a narrow sense, best interests may be considered in determining the existence of item (c).

We find no error of the trial court as assigned and argued.

*Judgment affirmed.*

MILLER, P.J., and COLE, J., concur.