**State v. Moss**
*[Cite as 3 AOA 195]*

Case No. 56889
Cuyahoga County, (8th)
Decided May 10, 1990

*John T. Corrigan, Cuyahoga County Prosecutor, By: Fedele DeSantis, Assistant Prosecuting Attorney, The Justice Center, 1200 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*Terry H. Gilbert, Friedman, Gilbert & Berezin, 2700 Terminal Tower, Cleveland, Ohio 44113, for Defendant-Appellee.*

MCMANAMON, J.
In a timely appeal, Randy R. Moss challenges the sufficiency and manifest weight of the evidence sustaining his conviction of cocaine possession in violation of R.C. 2925.11. Upon review, we are compelled to reverse the judgment of the trial court.

At approximately one p.m. on January 20, 1988, Cleveland Police Officer William Nolan arrived at the Cleveland Motel, 17027 Euclid Avenue, in response to a Euclid police radio call for assistance. The Euclid officer had noticed a stolen car in the motel parking lot. He previously had seen the car being driven by two black men. Further investigation revealed the stolen vehicle was wanted in connection with a Mayfield Heights robbery.

The motel desk clerk informed Nolan that two black men occupied room 30, which was registered in the name of Eric Thomas. While Nolan and his partner were in the motel office, a black man entered the stolen vehicle and began driving out of the lot. The officers apprehended him, learned his name was Eric Thomas, and placed him under arrest.

In response to police questions, Thomas indicated another black man, Randy Moss, was in room 30.

The police immediately approached the room and knocked on the door. After five or six minutes, a voice from within asked who it was. The officers announced themselves and Randy Moss opened the door, dripping wet and clad in a towel wrapped around his waist. Police arrested him on the spot, but the record is silent as to what crime the arrest related.

Police commenced a search of the motel bedroom and the wet and steamy bathroom. They discovered one pink pill on a dresser next to the bed and a one inch by one inch piece of white envelope securely wrapped in a piece of crumpled cellophane on the bathroom windowsill. Inside the package, the officers found a white powdery substance.

They discovered no traces of occupancy in the room, other than Moss's clothes and shoes, which he promptly put on after the arrest. As we have noted, the room was registered in Eric Thomas's name. Thomas had its only key.

Moss's lawyer waived a motion to suppress and chose to try the case to the court. Officer Nolan was the only witness.

We will consolidate Moss's two assignments of error for purposes of this review.

R.C. 2925.11(A) prohibits the knowing possession of a controlled substance. R.C. 2925.01(L) defines "possession" to mean:

"* * * having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

A challenge to the sufficiency of evidence requires that we view the matters adduced in a light most favorable to the prosecution and determine whether a rational fact finder could have found all the material elements of the offense beyond a reasonable doubt. *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261; *State* v. *Martin* (1983), 20 Ohio App. 3d 172. Such a review looks to the entire record, all the evidence and reasonable inferences, as well as the credibility of witnesses. It is the responsibility of the trier of fact to evaluate witness credibility. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230. In order to reverse the conviction, the defendant must prove that the circumstantial evidence is not irreconcilable with a reasonable hypothesis of innocence. *State* v. *Kulig* (1974), 37 Ohio St. 2d 157.

Though evidence may be sufficient to sustain a guilty verdict, an appellate court has the power to determine that the verdict is against the weight of the evidence. *State* v. *Robinson* (1955), 162 Ohio St. 487. Such a review looks to the entire record and requires the court to weigh that evidence and all reasonable inferences, consider the credibility of witnesses and determine whether there is "such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State* v. *Davis* (1988), 49 Ohio App. 3d 109; *State* v. *Martin* (1983), 20 Ohio App. 3d 171, 175. A reviewing court will not reverse a conviction where there is evidence substantial enough for the court to decide all elements of the offense were proven beyond a reasonable doubt. *State* v. *Eskridge* (1988), 38 Ohio St. 3d 56, paragraph two of the syllabus.

*State* v. *Mattison* (1985), 23 Ohio App. 3d 10, sets forth the following factors to determine whether a decision is against the manifest weight of the evidence:

"(1) The reviewing court is not required to accept as true the incredible;

"(2) whether the evidence is uncontradicted;

"(3) whether a witness was impeached;

"(4) what was not proved;

"(5) the certainty of the evidence;

"(6) the reliability of the evidence;

"(7) whether a witness' testimony is self-serving;

"(8) whether the evidence is vague, uncertain, conflicting or fragmentary."

Trial testimony disclosed that Eric Thomas rented a room at the Cleveland Motel. While Thomas left the premises, Randy Moss showered in the bathroom. Moss was not registered as a

hotel guest, had no key to the room, and brought no personal articles to the room, other than clothes he wore.

When police confiscated .8 grams of cocaine from the bathroom windowsill, they linked the towel clad Moss to it by reason of his apparent recent use of the shower.

Possession may be actual or constructive. *State* v. *Haynes* (1971), 25 Ohio St. 2d 264; *State* v. *Bailey* (April 20, 1987), Cuyahoga App. No. 51968, unreported. As police found no drugs on Moss's person, the state must prove he constructively possessed the cocaine found on the windowsill. *Bailey, supra.*

One constructively possesses drugs by exercising dominion and control over them, even though they are not in one's physical possession. *State* v. *Wolery* (1976), 46 Ohio St. 2d 316, certiorari denied, 429 U.S. 932; *State* v. *Pruitt* (1984), 18 Ohio App. 3d 50; *Bailey, supra; State* v. *Hannik* (Nov. 22, 1989), Cuyhoga App. No. 56082, unreported. The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession. *State* v. *Hankerson* (1982), 70 Ohio St. 2d 87, certiorari denied 459 U.S. 870; *State* v. *Pearson* (Mar. 17, 1983), Cuyahoga App. No. 44550, unreported.

Where there is no indication that the defendant owned or leased the room, evidence of his proximity to the drugs alone is not enough to constitute sufficient evidence of possession. *Haynes, supra; Pruitt, supra; Bailey, supra; Pearson,* supra.

We hold that where the defendant neither owns, leases nor occupies the premises, circumstantial evidence that he showered in a bathroom where police later confiscated .8 grams of cocaine from a one inch by one inch crumpled, cellophane-wrapped piece of envelope on a windowsill, is insufficient evidence of his possession of the drug. *State* v. *Cofied* (June 2, 1983), Cuyahoga App. No. 44601, unreported; *State* v. *Spence* (Apr. 17, 1980), Cuyahoga App. No. 40889 and 40890, unreported.

Thus, we find the evidence was insufficient for the trial court to decide that Moss knowingly possessed the cocaine beyond a reasonable doubt. *Eskridge, supra.*

In reviewing the sufficiency of the evidence we have looked at the entire record and now decline to weigh evidence already determined to be insufficient.

The judgment of the trial court is reversed and the R.C. 2925.11 conviction is vacated.

*Judgment reversed.*

JACKSON, J., concur.

Judge Jackson of the Lake County Common Pleas Court, sitting by assignment.

NAHRA, J., concurring.

I believe the evidence supports a conclusion that defendant was an occupier of the room in question even though it was registered in someone else's name. However, I also believe an inference the cocaine belonged to or was possessed by the person to whom the room was registered is just as reasonable as an inference it belonged to the defendant and therefore I concur in judgment.