**Schnipke v. Schnipke**
*[Cite as 4 AOA 87]*

*Case No. 12-89-1*
*Putnam County, (3rd)*
*Decided June 26, 1990*

*Messrs. Elliott & Christopher, Ms. Karen E. Elliott, Attorney at Law, 330 South Main Street, Findlay, Ohio 45840, for Appellant.*

*Messrs. Leopold, Leopold & Wildenhaus, Mr. Richard L. Leopold, Attorney at Law, 321 E. Main Street, P.O. Box 303, Ottawa, Ohio 45875, for Appellee.*

EVANS, J.

This is an appeal from a judgment of the Court of Common Pleas of Putnam County modifying a prior child custody decree and granting plaintiff-appellee, James B. Schnipke, custody of one of the parties' minor children.

On June 8, 1988, appellee, James B. Schnipke, was granted a divorce from appellant, Rita Louise Schnipke. There were five children born issue to the marriage, three of whom are currently emancipated. The initial decree granted appellee custody of Steven and appellant custody of Scott, the two minor children of the parties.

On December 20, 1988, appellee filed a motion seeking modification of the trial court's initial custody decree for the minor child, Scott. The cause proceeded to a hearing on January 19, 1989. By judgment entry of January 23, 1989, the trial court sustained appellee's motion for modification of custody and awarded appellee custody of Scott.

It is from this judgment that appellant appeals submitting two assignments of error as follows:

"THE TRIAL COURT ERRED IN CHANGING THE CUSTODY OF THE MINOR CHILD, AGE EIGHT (8) YEARS, WHERE THERE WAS NO FINDING OR EVIDENCE OF A SUBSTANTIAL CHANGE OF CIRCUMSTANCES NOR OF SIGNIFICANT ENDANGERMENT TO THE CHILD IN HIS PRESENT ENVIRONMENT.

"THE ORDER CHANGING CUSTODY OF THE MINOR CHILD WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE TRIAL COURT ERRED IN FINDING THAT THE BEST INTEREST OF THE CHILD WAS SERVED BY A CUSTODY CHANGE WHERE VISITATION HAD CONTINUED AND THE CHILD HAD ADJUSTED TO HIS NEW HOME, WHICH WAS ONLY THIRTY (30) MINUTES TRAVEL TIME FROM THE NON-CUSTODIAL PARENT."

Modification of a prior custody is provided for by R.C. 3109.04(B)(1) as follows:

"Except as provided in division (B)(2) of this section, the court shall not modify a prior custody decree unless if finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his custodian, or either joint custodian, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the custodian or both of the joint custodians designated by the prior decree, unless one of the following applies:

"(a) The custodian or both joint custodians agree to a change in custody.

"(b) The child, with the consent of the custodian or of both joint custodians, has been integrated into the family of the person seeking custody.

"(c) The child's present environment endangers significantly his physical health or his mental, moral, or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of the change of environment to the child."

The record on appeal contains absolutely no evidence that either item (a) or item (b) above had occurred. Thus, the trial court had only the existence of item (c) to rely upon in modifying the initial custody decree. The trial court's judgment entry focuses in detail upon the facts as they related to the best interest of the child. However, while the best interest of the child constitutes an important inquiry, it is not the sole nor the threshold inquiry. Rather, as found by this court in *Pryer* v. *Pryer* (1984), 20 Ohio App. 3d 170, 171:

" * * * consideration of the broad issue of the best interests of the child, or children, does not arise before the trial court until the existence of item (a), item (b), or item (c) is established, although, in a narrow sense, best interests may be considered in determining the existence of item (c)."

In the findings of fact and conclusions of law incorporated into its judgment entry the trial court failed to make the requisite threshhold finding that "[t]he child's present environment endangers significantly his physical health or his mental, moral, or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child". Rather, in its judgment entry, the trial court concluded that:

"Both parents appear to the court to be capable of caring for the minor children and of providing a suitable home for the minor child."

Such a finding is wholly irreconcilable and inconsistent with the requirements of R.C. 3109.04(B)(1)(c).

Accordingly, appellant's first assignment of error is well taken and is sustained.

Appellant's second assignment of error challenges the trial court's decision upon the weight of the evidence. Our disposition of the first assignment of error renders this contention moot for the purposes of this appeal. In light of the trial court's failure to make any findings as to whether the child's present environment endangered him in any way and whether the harm likely to be caused by a change of environment is outweighed by the advantages of a change of environment to the child, there is essentially an incomplete decision for us to review upon the weight of the evidence. In view of this state of the record we will not attempt to weigh the evidence because to do so would usurp a function of the trial court as a court of original jurisdiction in custody matters.

Accordingly, the judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

SHAW, P.J., and MILLER, J., concur.