OPINION
Petitioner-appellant, William M. Sheard, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting custody of the parties' minor child, Mark Sheard, to petitioner-appellee, Kristina M. Sheard, and ordering appellant to pay child support.
The parties were divorced in October 1992 and entered a shared parenting plan regarding their two children: Teresa Sheard, born July 13, 1983; and Mark Sheard, born July 18, 1987. On November 7, 1996, the plan was modified and appellee was named Teresa's residential parent. Appellant was granted visitation. Custody of Mark remained in accordance with the previous shared parenting plan.
On March 31, 1999, appellee filed a motion to modify parental rights and responsibilities requesting that she be named Mark's residential parent. A hearing was held on May 13, 1999. Appellee testified that Mark had repeatedly expressed a desire to live with appellee and his sister, Teresa. She testified that Mark's grades were suffering and that he was experiencing discipline problems at school. Appellee testified that a great deal of animosity had developed between Mark and appellant's new wife. Appellee also testified that Mark became depressed and occasionally cried when it came time to return to appellant's house.
Appellant testified that he is a better disciplinarian than appellee. Appellant also testified that life on the farm where he lives provides a better atmosphere for a young boy than life with his mother in a mobile home. Appellant testified that Teresa had recently admitted that she was sexually active. Appellant argued that Teresa's sexual conduct resulted from appellee's lack of discipline and supervision. Appellee's mother testified at the hearing, stating that she believed Mark was better off under the existing shared parenting plan. She stated that appellee already seemed to have her hands full with Teresa.
At the conclusion of the hearing, the trial judge found that there had been a change of circumstances and that it was in Mark's best interest that custody be granted to appellee. In its June 21, 1999 entry, the trial court granted appellee's motion, naming her the residential parent of both Mark and Teresa. The court granted visitation to appellant and ordered appellant to pay a total of $480.10 per month in child support for both children. Appellant filed this appeal raising two assignments of error for our review.
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION IN ITS FINDING THAT 1) A SUFFICIENT CHANGE OF CIRCUMSTANCES EXISTED, 2) THE EVIDENCE INDICATED THAT A CHANGE OF CUSTODY WAS IN THE BEST INTEREST OF THE CHILD, AND 3) THE HARM VISITED ON THE CHILD BY SUCH A CHANGE WAS OUTWEIGHED BY THE BENEFITS.
The trial court has broad discretion in custody proceedings.Davis v. Flickinger (1997), 77 Ohio St.3d 415, 416-17. The trial court's judgment will not be reversed on appeal absent an abuse of discretion. Id. at paragraph one of the syllabus. Abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. The appellate court must keep in mind that the trial court is better equipped to examine and weigh the evidence and to make decisions concerning custody. Miller v.Miller (1988), 37 Ohio St.3d 71, 74. In reviewing a custody determination, the appellate court is to "review the record to determine whether there is any evidence in support of the prevailing party." Ross v. Ross (1980), 64 Ohio St.2d 203, 206.
R.C. 3109.04(E)(1)(a) governs the modification of an order allocating parental rights and responsibilities. The statute provides as follows:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
Applying the statute, the trial court may modify parental rights and responsibilities if it finds that: (1) there has been a change of circumstances, (2) modification is in the best interest of the children, and (3) any harm likely to result from a change of environment is outweighed by the advantages of the change. R.C. 3109.04(E)(1)(a).
The initial determination to be made by the trial court is whether there has been a change of circumstances of the child or the residential parent since the prior court order. Wyss v. Wyss
(1982), 3 Ohio App.3d 412, 414. The purpose of requiring a finding of a change in circumstances is to prevent a constant relitigation of issues which have already been determined by the trial court. Clyborn v. Clyborn (1994), 93 Ohio App.3d 192, 196. The change must be a "change of substance, not a slight or inconsequential change." Davis, 77 Ohio St.3d at 418. In determining whether a change in circumstances has occurred, a trial judge, as the trier of fact, must be given wide latitude.Id. at paragraph two of the syllabus.
The trial court found that a change of circumstances had occurred. The court noted that, as Mark matured, his wishes had changed, and he expressed a desire to live with his mother and sister. Mark's relationship with his stepmother had become more and more strained. At school, Mark's grades were falling, and behavioral problems were increasing. In addition, appellant had remarried and had two new children from his marriage to his new wife. There is evidence in the record to support these findings. Therefore, we find that the trial court did not abuse its discretion in finding that a change of circumstances had occurred under R.C. 3109.04(E)(1)(a).
Although R.C. 3109.04(E)(1)(a) requires that the trial court find a change in circumstances, such a finding, in and of itself, does not require a modification of custody. Pryer v. Pryer
(1984), 20 Ohio App.3d 170, paragraph one of the syllabus. A modification must also be in the best interest of the children and may not be made unless R.C. 3109.04(E)(1)(a)(i), (ii), or (iii) applies. See id.
Appellant argues that Mark's best interest would be served better by living with him on the farm rather than in a trailer park. Appellant also argues that Mark is better off living with him because he provides stricter discipline. Appellant presented these same arguments to the trial court. After considering all the testimony, the court granted appellee's motion. Essentially, appellant is asking this court to weigh the same evidence and find that the trial court's decision is against the weight of the evidence. That is not our function.
The Ohio Supreme Court explicitly outlined the role of an appellate court when reviewing a custody determination in Ross,64 Ohio St.2d 203. The appellate court may not undertake to weigh the evidence and pass upon its sufficiency. Id. at 204. The appellate court's role is to ascertain from the record whether there is some competent evidence to sustain the findings of the trial court. Id. A reviewing court may not reverse a custody determination simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. Davis at 419. Therefore, whether or not we agree with the trial court's determination regarding Mark's best interest is not the issue before us. Our review is limited to whether the trial court's determination was unreasonable, arbitrary, or unconscionable. We find that it was not.
After reviewing the record in light of the factors listed in R.C. 3109.04(F)(1), we find that there was some competent evidence to support the trial court's determination. The trial court did not abuse its discretion by finding that it was in Mark's best interest to transfer custody to appellee, and that any harm from the change was outweighed by the advantages. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY INCLUDING A TEMPORARY PART-TIME JOB, IN ADDITION TO A FULL TIME JOB, IN A "STRAIGHT JACKET" CHILD SUPPORT OBLIGATION CALCULATION, WHEN THE EVIDENCE SHOWS THAT THE PART-TIME JOB WAS ONLY FOR A SUFFICIENT PERIOD OF TIME TO PAY ATTORNEY FEES TO DEFEND THE ACTION BROUGHT BY THE NONCUSTODIAL PARENT, AND THE OBLIGOR HAS OTHER CHILDREN AT HOME.
In this assignment of error, appellant claims that by calculating appellant's support obligation in accordance with the statutory guidelines, the court has adopted an inequitable, "straight jacket" approach.
Appellant testified that he earned $22,000 per year at his full-time job. Appellant testified that he had recently taken a part-time job earning an additional $96 per week. Based on these figures, the trial court calculated appellant's annual income at $26,992. Appellee testified that she earned $21,000 per year. The trial court used these figures to calculate appellant's child support obligation under R.C. 3113.215.
There are two arguments raised by appellant under this assignment of error. First, appellant argues that the trial court should not have included his part-time wages as gross income. Appellant testified that he only took the part-time job to pay his legal fees and that he intends to quit when his fees are paid. Appellant contends that his part-time wages should be excluded as nonrecurring or unsustainable income. Nonrecurring income is "any income or cash flow item that the parent receives in any year or for any number of years not to exceed three years and that the parent does not expect to continue to receive on a regular basis." R.C. 3113.215(A)(11).
Although appellant testified that he intends to quit his part-time job when his legal fees were paid, appellant is under no obligation to quit at that time. He may, or may not, actually choose to do so. We believe the trial court utilized the best approach by considering all of appellant's wages as gross income. In the future, if appellant does quit his part-time job, he may move for a modification of his child support obligation under the ten-percent rule found in R.C. 3113.215(B)(4). See DePalmo v.DePalmo (1997), 78 Ohio St.3d 535, 540. We find no abuse of discretion by the trial court in including appellant's part-time wages as gross income.
Appellant's second argument is that the trial court's order was incorrect because the court did not consider Mark and Teresa's half-siblings when making its calculation. After reviewing line eight of the child support calculation work sheet which was attached to the trial court's June 21, 1999 entry, it appears that the court did not adjust for appellant's two children from his current marriage.
R.C. 3113.215(B)(5)(c) states as follows:
 If other minor children who were born to the parent and a person other than the other parent who is involved in the immediate child support determination live with the parent, the court or agency shall deduct an amount from that parent's gross income that equals the number of such minor children times the federal income tax exemption for such children less child support received for them for the year, not exceeding the federal income tax exemption.
Appellant's gross income should have been adjusted accordingly, and it was not. The trial court is required to strictly comply with the child support statute. DePalmo at 538. The amount determined under the Child Support Guidelines is "rebuttably presumed to be the correct amount of child support due" and must be ordered unless the court has done the following: (1) made a factual determination as to why following the guidelines would be unjust or inappropriate and not in the best interest of the children, and (2) made an actual entry of findings of fact to support the determination. Id.
By failing to include the required adjustment for appellant's two children by his new marriage, the trial court failed to comply with the child support guidelines. Appellant's second assignment of error is sustained in this regard.
Therefore, we remand this matter to the trial court solely for a recalculation of appellant's child support obligation in accordance with this opinion. The judgment of the trial court is affirmed in all other respects.
Judgment affirmed in part and reversed in part.
POWELL, P.J., and YOUNG, J., concur.