OPINION
Plaintiff-appellant, Jennifer A. Lyle, appeals the decision of the Fayette County Court of Common Pleas, Juvenile Division, granting residential parent status to defendant-appellee, Jason Kersey. We affirm the decision of the trial court.
The parties are the parents of Joseph Lyle, who was born on August 21, 1991. After Joseph's birth, Lyle filed a complaint to establish the father-child relationship between Kersey and Joseph. The trial court found that Kersey was Joseph's biological father. The trial court also named Lyle as the residential parent and legal custodian of the child and established Kersey's visitation rights.
On February 5, 1999, Kersey moved the trial court to modify the parental rights and responsibilities of the parties and name him as Joseph's residential parent and custodian. After conducting a hearing on Kersey's motion, the trial court awarded custody of Joseph to Kersey. From this decision of the trial court, Lyle appeals raising three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN MODIFYING PARENTAL RIGHTS AND RESPONSIBILITIES WITHOUT A FINDING OF A CHANGE IN CIRCUMSTANCES.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT A MODIFICATION OF PARENTAL RIGHTS AND RESPONSIBILITIES WAS IN THE BEST INTEREST OF THE MINOR CHILD.
Assignment of Error No. 3:
 THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT THE HARM LIKELY TO BE CAUSED BY A CHANGE IN ENVIRONMENT IS OUTWEIGHED BY THE ADVANTAGES OF THE CHANGES OF ENVIRONMENT OF THE CHILD.
In her assignments of error, Lyle challenges the decision of the trial court granting custody of Joseph to Kersey. Lyle basically maintains that the trial court abused its discretion because there was no competent credible evidence to support its decision. For purposes of clarity, Lyle's assignments of error will be addressed together.
The trial court has broad discretion in child custody matters and its judgment will not be reversed absent an abuse of discretion. Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In reviewing a custody determination, an appellate court must "review the record to determine whether there is any evidence in support of the prevailing party." Ross v. Ross (1980), 64 Ohio St.2d 203,206. No abuse of discretion will be found provided there is a substantial amount of credible and competent evidence to support the trial court's findings. Bechtol v. Bechtol (1990),49 Ohio St.3d 21, 23. The appellate court must keep in mind while reviewing the record that the trial court is better equipped to examine and weigh the evidence and to make decisions concerning custody. Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
R.C. 3109.04(E)(1)(a) governs the modification of an order allocating parental rights and responsibilities and states:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
The initial determination to be made by the trial court is whether there has been a change of circumstances of the child or the residential parent since the prior court order.Flickinger, 415 Ohio St.3d at paragraph one of the syllabus;Wyss v. Wyss (1982), 3 Ohio App.3d 412, 414. The purpose of requiring a finding of a change in circumstances is to prevent a constant relitigation of issues that have already been determined by the trial court. Clyborn v. Clyborn (1994),93 Ohio App.3d 192, 196. The change must be a "change of substance, not a slight or inconsequential change." Flickinger,77 Ohio St.3d at 418. In determining whether a change in circumstances has occurred, a trial judge, as the trier of fact, must be given wide latitude to consider all issues that support a change. Id. at paragraph two of the syllabus.
In this case, the trial court did not specifically state that there had been a "change of circumstances." Yet, the trial court made several specific findings, amply supported by the record, indicating that there had been a change of circumstances with regard to Joseph and Lyle. For example, the trial court found that Lyle has moved at least eight times since 1998 and has never resided one year in a single place. During the course of those moves, the trial court noted that Joseph lived in a camper, apartments, and houses, including one with roaches. Joseph has lived with his maternal grandparents, his mother alone, his mother and her boyfriend, whom she later married, and with his mother and her female lover and her child. The findings by the trial court highlight the rapidly changing and unstable environment provided by Lyle.
Where, in a case such as this, the trial court makes sufficient factual findings that reflect a change of circumstances supporting its decision, we will not reverse the trial court for failure to use the exact words of the statute. Under R.C. 3109.04(E)(1)(a), nomenclature is not the key issue. Flickinger,77 Ohio St.3d at 418. Rather, it is the desire to provide a custody arrangement that serves the best interest of the child where there is a change in circumstances that is key. See id. at 420-21.
Although R.C. 3109.04(E) requires a change in circumstances before a trial court can modify parental rights and responsibilities, a change of circumstances, in and of itself, does not require a modification of custody. Pryer v. Pryer
(1984), 20 Ohio App.3d 170, paragraph one of the syllabus. A modification must also be in the best interest of the child and may not be made unless R.C. 3109.04(E)(1)(a)(i),(ii), or (iii) applies. See id.
The trial court carefully considered the best interest factors enumerated in R.C. 3109.04(F)(1) and determined that it would be in Joseph's best interest to award custody to Kersey. Specifically, the trial court noted the frequency of Lyle's moves and the multitude of living arrangements experienced by Joseph. See R.C. 3109.04(F)(1)(d). The trial court found that Joseph is maladjusted in school and that Lyle failed to attend a parent-teacher conference. See id. In addition, Lyle has been in contempt for failing to abide by visitation. See R.C.3109.04(F)(1)(f). Lyle further denied visitation to Kersey twice after he objected to her decision to have Joseph's ear pierced. See id. The trial court also considered as relevant Lyle's numerous lifestyle changes over recent years: single mother living at home, cohabitation with a man, married woman, cohabitation in a lesbian relationship, and single mother. R.C.3109.04(F)(1).
Finally, in compliance with R.C. 3109.04(E)(1)(a)(iii), the trial court found that the harm likely to be caused by the change of environment was outweighed by the advantages. The trial court considered its findings regarding the best interest of Joseph and concluded that awarding custody to Kersey would provide a stable, secure lifestyle.
Lyle disagrees with most of the trial court's findings, even to the point of indicating that she actually has lived in eleven different residences instead of eight. In her arguments, Lyle is essentially asking this court to weigh the same evidence presented to the trial court and find that the trial court's findings and decision are against the weight of the evidence.
The appellate court's only role when reviewing a custody determination is to ascertain from the record whether there is some competent evidence to sustain the findings of the trial court. Ross v. Ross (1980), 64 Ohio St.2d 203, 204. The appellate court may not undertake to weigh the evidence and pass upon its sufficiency. Id. The appellate court may not reverse a custody determination simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. Flickinger, 77 Ohio St.3d at 419.
After reviewing the record in light of the factors listed in R.C. 3109.04(F)(1), we find that there is substantial, competent and credible evidence to support the trial court's determination regarding Joseph's best interest. The trial court did not abuse its discretion by finding that it was in Joseph's best interest to transfer custody to Kersey, and that any harm from the change was outweighed by the advantages.
Lyle's first, second and third assignments of error are overruled.
 _____________________ POWELL, P.J.
WALSH and VALEN, JJ., concur.