DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Brian D. Lempner has appealed the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, that granted Plaintiff-Appellee Melanie Lempner n/k/a Simko's motion to relocate the couple's minor child B.L. This Court reverses.
 {¶ 2} Appellant and Appellee were married on January 1, 1997 and granted a divorce on January 16, 2001. One child was born as issue of the marriage, to wit B.L., born April 9, 1998. A shared parenting plan was incorporated into the judgment entry of divorce. Pursuant to the terms of the shared parenting plan, neither parent was to relocate the child outside of Lorain County, Ohio, or remove B.L. from the State of Ohio without the written permission of the other parent.
 {¶ 3} Relevant to the instant appeal, on March 23, 2004, Appellee filed a motion requesting permission to relocate B.L. to Florida. On June 22, 2004, Appellee filed a motion requesting modification of the shared parenting plan. In both motions, Appellee argued that her employer was relocating to Florida and she must relocate with the company to Florida in order to keep her job. She further argued that her income would approximately double if she were permitted to relocate to Florida, and that it was in B.L.'s best interest that he relocate with her.
 {¶ 4} On August 11, 2004, Appellant filed a motion requesting that the trial court conduct an in camera interview of B.L. regarding Appellee's motions to modify the shared parenting plan and relocate B.L. to Florida. The trial court granted the motion and an in camera interview of B.L. was held on August 20, 2004.
 {¶ 5} The matter was tried to the court on September 9, 2004. On October 12, 2004, the trial court granted Appellee's motions to modify the shared parenting plan and relocate B.L. to Florida. Appellant has timely appealed the trial court's decision, asserting two assignments of error.[1]
 II Assignment of Error Number One
"THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION TO RELOCATE THE CHILD TO FLORIDA BECAUSE SAID DECISION CONSTITUTES AN ABUSE OF DISCRETION, AND/OR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 {¶ 6} In his first assignment of error, Appellant has argued that the trial court abused its discretion when it found a change in circumstances warranting modification of the shared parenting plan and when it granted Appellee's motion to relocate B.L. to Florida. Specifically, Appellant has argued that the evidence presented at trial clearly showed that the relocation of B.L. to Florida was not in the child's best interest.
 {¶ 7} It is well established that an appellate court will not disturb the custody decision of a trial court absent a finding that the trial court abused its discretion. Masters v. Masters (1994), 69 Ohio St.3d 83,85. An abuse of discretion is "more than an error at law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id., quoting Miller v. Miller (1988), 37 Ohio St.3d 71,73-74.
 {¶ 8} Fundamentally, the primary concern in a child custody case is the child's best interest. Miller, 37 Ohio St.3d at 75. We note that shared parenting plans are governed in part by R.C. 3109.04(E)(1)(a), which states that a trial court cannot modify a shared parenting plan unless it first finds that a change of circumstances has occurred. R.C.3109.04(E)(1)(a). If a change of circumstances is found, then the trial court must also find that the contemplated modification is in the child's best interest. Id. In the context of a motion to relocate a minor child, the trial court must also find that the advantages of relocation outweigh any harm of relocation. R.C. 3109.04(E)(1)(a)(iii).
 {¶ 9} Appellant first has argued that the trial court abused its discretion when it concluded that Appellee's new job in Florida constituted a change of circumstances. Appellee has argued that the trial court's decision was not an abuse of discretion.
 {¶ 10} The Supreme Court of Ohio has held that "[t]he filing of a motion to remove the child from Ohio that merely reflects the mother's `desire' to leave the state does not on its own constitute a substantial change in circumstances under [the statute]." Masters, 69 Ohio St.3d at 86. However, the relocation of the child is certainly a factor the trial court should consider when determining if a change in circumstances has occurred. Green v. Green (Mar. 31, 1998), 11th Dist. No. 96-L-145, 1998 Ohio App. LEXIS 1434, at *8. The attendant circumstances, as well as the impact the move will have on the child, the non-moving party, and other extended family members who have formed a bond with the child, can be considered by the trial court when determining whether or not a change in circumstances has occurred. Id; See, also Zinnecker v. Zinnecker (1999),133 Ohio App.3d 378, 384-385; In re Longwell (Aug. 30, 1995), 9th Dist. Nos. 94CA006006 and 94CA006007, at 17.
 {¶ 11} In the instant matter, Appellee has presented the following evidence in support of her motions. She and Richard Dasich ("Dasich"), her supervisor and the owner of her employer Retirement Education Group ("REG"), testified that her salary and benefits would greatly increase were she to relocate to Florida; that were she not to relocate, she would lose her position with REG; and that her position was a "niche" position that only existed in one other company in the country, and said company is not located in the State of Ohio. Appellee also testified that she had attempted and failed to secure new employment in Ohio that produced a comparable income to that which she might earn in Florida.
 {¶ 12} Based on the foregoing, we conclude that the trial court's decision that Appellee had incurred a change in circumstances was based upon competent, credible evidence. As such, the trial court did not abuse its discretion when it concluded the same.
 {¶ 13} Having found that a change of circumstances had occurred, this Court must next determine if the trial court abused its discretion when it determined that a modification of the shared parenting plan was in B.L.'s best interest. See R.C. 3109.04(E)(1)(a).
 {¶ 14} We note that although R.C. 3109.04(E)(1)(a) requires that the trial court find a change of circumstances before the court modifies the allocation of parental rights and responsibilities, "such a finding in and of itself, does not demand a modification." Pryer v. Pryer (1984),20 Ohio App.3d 170, 171. Rather, the modification must also be in the best interest of the child and satisfy one of the conditions enumerated in R.C. 3109.04(E)(1)(a)(i), (ii) or (iii). See Id.
 {¶ 15} The best interest determination is controlled by R.C.3109.04(F)(1), which sets forth an extensive though non-exhaustive list of factors used to determine the best interests of the child. The factors include but are not limited to: 1) the wishes of the child's parents; 2) the wishes of the child as ascertained from an in camera interview of the child conducted in accord with R.C. 3109.04(B); 3) the child's interaction and relationship with its parents and any other person who may significantly affect the child's best interest; 4) the child's adjustment to its home, school, and community; and 5) whether either parent is planning to establish a residence outside of Ohio. R.C.3109.04(F)(1); see, also Vujovic v. Vujovic, 9th Dist. No. 04CA0083-M,2005-Ohio-3942, at ¶ 58. Once all of the relevant factors have been considered, the trial court must then determine if the benefits of relocation outweigh the harms of relocation. R.C. 3109.04(E)(1)(a)(iii). The statute sets forth this broad, far-reaching inquiry so that the trial court can make a fully informed decision on the critical issue of where the child will reside and how the parents will continue to raise the child after modification of the shared parenting plan. Haas v. Bauer,156 Ohio App. 3d 26, 36, citing Bunten v. Bunten (1998),126 Ohio App.3d 443, 447.
 {¶ 16} Our review of the record reveals that in its judgment entry granting Appellee's motions to modify the shared parenting plan and relocate B.L. to Florida, the trial court concluded that a change of circumstances had occurred. The trial court then concluded that the harm of relocation was outweighed by the benefits of relocation. Nowhere in its judgment entry did it make any finding or conclusion that modification and relocation was in the best interest of B.L. As a result, the trial court's decision does not comport with the mandate of R.C. 3109.04(E)(1)(a) that the trial court "shall * * * find * * * that the modification is necessary to serve the best interest of the child." R.C. 3109.04(E)(1)(a).
 {¶ 17} Based on the foregoing, Appellant's first assignment of error has merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN GRANTING THE RELOCATION/MODIFICATION BECAUSE IT DID NOT PROPERLY CONSIDER R.C. 3109.04(F)(3)."
 {¶ 18} In his second assignment of error, Appellant has argued that the trial court erred when it granted Appellee's motions requesting modification and relocation. Specifically, he has argued that the trial court's decision ran afoul of R.C. 3109.04(F)(3).
 {¶ 19} Given our disposition of Appellant's first assignment of error, we decline to address his second assignment of error. See App.R. 12(A)(1)(c).
 III {¶ 20} Appellant's first assignment of error has merit. We decline to address his second assignment of error. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, J., Moore, J. concur.
[1] During the pendency of the instant appeal, Appellant filed an emergency stay to this Court of the trial court's decision granting Appellee's motions. By journal entry dated November 23, 2004, this Court granted Appellant's request for an emergency stay, stating that the stay will automatically expire upon the announcement of our decision in the instant appeal.