[Cite as *Syverson v. Syverson*, 2012-Ohio-5569.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

HEIDI SYVERSON

    Appellant

    v.

KYLE SYVERSON

    Appellee

C.A. No.     12CA010205

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     07DU068461

DECISION AND JOURNAL ENTRY

Dated: December 3, 2012

WHITMORE, Presiding Judge.

{¶1}    Plaintiff-Appellant, Heidi Syverson ("Mother"), appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court reverses.

I

{¶2}    Mother and Defendant-Appellee, Kyle Syverson ("Father"), divorced in 2008. At that time, the trial court journalized a shared parenting plan for the care of their two children: a girl ("Daughter"), born in 1994, and a boy ("Son"), born in 1999. Because only Father had filed a shared parenting plan and the plan the court adopted was different than the plan Father had filed, this Court reversed the trial court's judgment on appeal and remanded the matter for further proceedings. *See Syverson v. Syverson*, 9th Dist. No. 09CA009527, 2009-Ohio-6701. After this Court's remand, the parties mediated and signed an agreed upon entry, which the court later adopted as its order.

{¶3} The divorce decree named both Mother and Father as residential parents and legal custodians of Daughter and Son. The parties agreed that if either intended to change residences in the future he or she would file a notice of intent to relocate. They further agreed: "[t]he residential parent for school enrollment purposes shall not change the residence of the children to any County not contiguous to Lorain County without the prior written permission of the other parent or the permission of the Court having been first duly obtained." Mother was named the residential parent for school enrollment purposes.

{¶4} On May 9, 2011, Mother filed a notice of her intent to relocate to Mother and Father's hometown of Williston, North Dakota. Father responded by filing a motion to modify the allocation of the parties' rights and responsibilities. The court conducted an in camera hearing with Daughter and Son as well as a hearing on Mother's motion to relocate. The court concluded that Mother had failed to demonstrate a change in circumstances had occurred since the adoption of the parties' shared parenting plan and denied her motion. The court also refused to modify the parties' rights and responsibilities, as both parties agreed a modification would be unnecessary if the court denied Mother's motion.

{¶5} Mother now appeals from the trial court's judgment and raises five assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT IN ERROR FOUND THAT THERE WAS NO CHANGE OF CIRCUMSTANCES BETWEEN THE PARTIES THAT ARE UNABLE TO COMMUNICATE, WHICH WAS NOT CONTEMPLATED PRIOR TO ENTERING INTO A SHARED PARENTING PLAN.

Assignment of Error Number Two

THE TRIAL COURT IN ERROR FOUND THAT THERE WAS NO CHANGE OF CIRCUMSTANCES BETWEEN THE PARTIES WHEN THE MINOR CHILDREN OF THE PARTIES DESIRE TO RELOCATE, WHICH WAS NOT CONTEMPLATED PRIOR TO ENTERING INTO A SHARED PARENTING PLAN.

Assignment of Error Number Three

THE TRIAL COURT IN ERROR FAILED TO PERMIT APPELLANT TO PUT ON EVIDENCE OF HER CHANGE OF CIRCUMSTANCES BETWEEN THE PARTIES WHEN MOTHER'S EMPLOYMENT CEASES TO GRANT INCREASES, REDUCES ITS EMPLOYEES, AND MOTHER FINDS EMPLOYMENT WHERE THE PARTIES ENTIRE EXTENDED FAMILY RESIDE.

Assignment of Error Number Four

THE TRIAL COURT IN ERROR DENIED A NOTICE OF INTENT TO RELOCATE WHERE THERE IS NO OBJECTION TO THE RELOCATE TIMELY FILED BY THE OPPOSING PARENT.

Assignment of Error Number Five

THE TRIAL COURT IN ERROR DENIED APPELLANT'S NOTICE OF INTENT TO RELOCATE WHERE THE ONLY EVIDENCE ON THE RECORD PRESENTS OTHERWISE.

**{¶6}** In her assignments of error, Mother argues that the trial court erred by denying her motion to relocate because (1) the evidence supported the conclusion that she demonstrated that a change in circumstances had occurred, and (2) Father never objected to Mother's motion to relocate.

**{¶7}** "It is well established that an appellate court will not disturb the custody decision of a trial court absent a finding that the trial court abused its discretion." *Lempner v. Lempner*, 9th Dist. No. 04CA008580, 2005-Ohio-4543, ¶ 7. "If * * * a litigant challenges a particular factual finding of the trial court, this Court will review the trial court's factual conclusion for competent, credible evidence." *Oberlin v. Oberlin*, 9th Dist. No. 25864, 2011-Ohio-6245, ¶ 7.

Yet, the trial court's ultimate "determination of 'whether a change in circumstances has occurred so as to warrant a change in custody' is one that must be reviewed under an abuse of discretion standard." *Id.* at ¶ 7, quoting *Davis v. Flickinger*, 77 Ohio St.3d 415 (1997), paragraphs one and two of the syllabus. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Initially, we note that although Mother filed a notice of her intent to relocate, R.C. 3109.051 does not apply to this case. The parties agreed that if either of them ever intended to change residences in the future he or she would file a notice of intent to relocate. *See* R.C. 3109.051(G)(1). Yet, both parents were given custody of Daughter and Son. R.C. 3109.051 only applies when one parent has custody. *See* R.C. 3109.051. "Given the fact that both parents are deemed to have custody in this case, * * * R.C. 3109.051 is not applicable." *Martin v. Martin*, 9th Dist. No. 20567, 2002 WL 388902, *2 (Mar. 13, 2002). Our understanding of the parties' agreement is that they meant to use a notice of intent to relocate as a triggering device to alert a party of the other's intention to move. Consequently, while Mother filed a notice of intent to relocate, her notice is properly analyzed as a motion to modify under R.C. 3109.04. *Id.*

{¶9} The standard a court must apply to a parent's motion to modify depends upon whether the parent seeks to modify the allocation of parental rights and responsibilities or simply a term of the shared parenting plan implementing the custodial arrangement. *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, ¶ 26-27. A modification to the allocation of parental rights and responsibilities requires proof of a change of circumstances as well as proof that the modification is in the best interest of the child(ren). *Id.* at ¶ 33. *See also* R.C. 3109.04(E)(1)(a). Conversely, a modification of a term of shared parenting plan only requires

proof that the modification is in the best interest of the child(ren). *Id. See also* R.C. 3109.04(E)(2)(b).

{¶10} "[W]hen a party requests modification of either the physical and/or legal control of the child, that party is requesting a modification of a prior decree allocating parental rights and responsibilities." *Gunderman v. Gunderman*, 9th Dist. No. 08CA0067-M, 2009-Ohio-3787, ¶ 23. "[A] request for a change in parenting time is a request to alter the physical control of the child and thus constitutes a request to modify the allocation of parental rights and responsibilities." *Id.* As such, the parent requesting the change must demonstrate both that a change in circumstances has occurred and that the modification is in the best interests of the child. *Id. Accord Lempner*, 2005-Ohio-4543, at ¶ 6-17 (change of circumstances and best interest analyses applied to parent's motion to relocate child in a shared parenting situation).

{¶11} The change required to satisfy the change of circumstances prong of R.C. 3109.04(E)(1)(a) "must be a change of substance, not a slight or inconsequential change." *Davis*, 77 Ohio St.3d at 418. A parent's mere "'desire' to leave the state does not on its own constitute a substantial change in circumstances * * *." *Masters v. Masters*, 69 Ohio St.3d 83, 86 (1994).

> However, the relocation of the child is certainly a factor the trial court should consider when determining if a change in circumstances has occurred. The attendant circumstances, as well as the impact the move will have on the child, the non-moving party, and other extended family members who have formed a bond with the child, can be considered by the trial court when determining whether or not a change in circumstances has occurred.

(Internal citations omitted.) *Lempner* at ¶ 10. "[T]he child's age, coupled with his [or her] expressed desire to live with a different parent," can constitute a change in circumstances depending on "all of the surrounding circumstances unique to [the] case." *Pryor v. Hooks*, 9th Dist. No. 25294, 2010-Ohio-6130, ¶ 10. "A change of circumstances can also include a

breakdown in communication between the parents and their inability to communicate and cooperate." *Sypherd v. Sypherd*, 9th Dist. No. 25815, 2012-Ohio-2615, ¶ 20.

{¶12} Mother presented evidence that she had an offer of full-time employment in North Dakota. Michele Kroger, the office manager at Select Energy Services, testified that the offer to Mother was for a salaried position that included a 401(k) plan as well as free employee housing, if Mother wished to pursue that option. Mother wanted to relocate with the children to North Dakota for several reasons. First, Mother testified that she feared for the stability of her current employment with Key Bank. Although Mother was still employed with the bank and still had a pension at the time of the hearing, Mother testified that Key Bank was currently downsizing and that it was unclear whether it would be able to guarantee her pension in the future. Second, Mother testified that her children had expressed to her a strong desire to move to North Dakota. Daughter specifically approached Mother to ask about moving back to North Dakota, and Son also wanted to move there. With regard to Son, Mother testified that he was "failing miserably" in school and refused to "try anymore." Third, Mother testified that there had been a breakdown in communication between her and Father. Mother described a recent situation in which she told Father that she would not be able to accommodate a change in his schedule. According to Mother, Father:

> got angry with me and then changed the entire schedule. And said we would no longer vary on our schedule. It is what it is. And he was no longer willing to work with me on that.

The guardian ad litem for the children also informed the court that the litigation between Mother and Father over the last few years had "basically decimated any type of relationship" between them. The guardian ad litem told the court that the relationship between Mother and Father was

"definitely taking a toll on [the] kids." The guardian ad litem also pointed to Mother and Father's "failure of interrelationship" as "the reason why [Son is] now struggling in school."

{¶13} The trial court wrote in its decision:

> [Mother] testified that she has not lost her employment with Key Bank and that she has a pending job offer in North Dakota where both she and [Husband] were born and raised. It is important to note that this job offer is a different job offer than the one she had when her motion to relocate was originally filed. This Court does not find a change of circumstances necessary to allow relocation at this time.

> Had [Mother] filed the Motion to Relocate if unemployed here in Ohio and while an offer was pending in North Dakota, this Court would have found a sufficient change in circumstances and would have reached the best interests of the children test.

The court also discussed ripeness extensively at the hearing, reasoning that Mother's employment situation would not rise to the level of a change in circumstances until she actually lost her current job. Consequently, the trial court denied Mother's motion on the basis that a pending job offer does not demonstrate a change of circumstances when the parent who seeks to relocate maintains his or her present employment. Because the court found that Mother had failed to demonstrate a change of circumstances, it did not perform a best interest analysis.

{¶14} Mother's job offer was not the only evidence she offered to demonstrate a change in circumstances. There was also testimony that a breakdown in communication between Mother and Father had occurred and, on at least one specific occasion, the parties had been unable to come to an agreement about a scheduling change. *See Sypherd*, 2012-Ohio-2615, at ¶ 20. Apart from Mother's own testimony, the guardian ad litem informed the court that the parties' relationship had been "decimated" by litigation. Importantly, the guardian ad litem also told the court that the relationship between Mother and Father was negatively affecting Daughter and Son to the extent that he believed it was hampering Son's academic performance. The court also conducted an in camera hearing with both Daughter and Son and acknowledged that it was

the desire of both to move to North Dakota. Father did not produce any evidence at the hearing on Mother's motion.

{¶15} Based on our review of the record, we must conclude that the trial court failed to consider the totality of all the surrounding circumstances in this case in reaching a decision. *See Pryor*, 2010-Ohio-6130, at ¶ 10. The record does not support the conclusion that Mother sought to relocate simply because she desired to leave the state. *Compare Masters*, 69 Ohio St.3d at 86. Nor is this a case where the children simply desired to live somewhere else, absent any other evidence that a change had occurred. *Compare Baxter v. Baxter*, 9th Dist. No. 10CA009927, 2011-Ohio-4034, ¶ 11-12. Mother set forth evidence that "a change of substance" had occurred since the parties' rights and responsibilities had been allocated. *Davis*, 77 Ohio St.3d at 418. Namely, there had been a breakdown in the relationship of the parties, Daughter and Son were suffering as a result of the current relationship between the parties, and both children strongly desired to move to North Dakota. The trial court abused its discretion when it concluded that no change in circumstances had occurred simply because Mother was still currently employed in Ohio.

{¶16} Mother's first, second, third, and fifth assignments of error are sustained on the basis that the trial court abused its discretion by failing to find that a change in circumstances had occurred. This Court will not address whether relocation would be in the best interests of Daughter and Son, as the trial court must conduct that analysis in the first instance upon remand. Based on our resolution of Mother's other assignments of error, her fourth assignment of error is moot and we decline to address it. *See* App.R. 12(A)(1)(c).

III

**{¶17}** Mother's first, second, third, and fifth assignments of error are sustained, and her fourth assignment of error is moot. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

CARR, J.
CONCURS.

MOORE, J.
<u>DISSENTING.</u>

**{¶18}** I respectfully dissent from the majority holding that the trial court abused its discretion in failing to conclude that a change in circumstances had taken place that would support wife's motion to relocate. While I agree with the majority that there were other relevant circumstances for the court to take into consideration, it is not clear to me from reviewing the transcript of the hearing that the court failed to consider those factors. Further, could we say definitively that the court ignored other factors, I am not convinced that a consideration of those factors discussed in the majority opinion lead to the conclusion that a change of substance had taken place.

**{¶19}** The court correctly noted at the close of the hearing that "the Domestic Relations Court has a tremendous amount of latitude in these cases" and "I'm not taking it lightly." The court also said, "*One* of the factors in changing and modifying the shared parenting is also whether the parent intends to relocate [] or has relocated." (Emphasis added.) There is nothing in the record to indicate that the fact that wife's job was still intact was the *only* factor the court considered. In fact, throughout the course of the hearing, the court made note on several occasions that it had interviewed the children in camera and was aware of the wishes they had expressed. Also before the court was wife's testimony that, while she had applied for more than one position in North Dakota, she had not applied to any positions in Ohio. A fair reading of the court's ruling leads to the conclusion that the court focused on an analysis of wife's request to relocate based on a job offer because that was the substance of the testimony offered in the hearing. There is nothing to suggest that the court ignored testimony regarding the children's interpersonal struggles or their parents' difficulty in communicating.

{¶20} Given the fact that the court had the opportunity to consider the demeanor of the witnesses that testified and make the appropriate credibility determinations, I cannot say the court abused its discretion in overruling wife's motion to relocate. Therefore, I would affirm the decision of the trial court.

APPEARANCES:

TONY DALAYANIS, Attorney at Law, for Appellant.

DOUGLAS C. BLACKBURN, Attorney at Law, for Appellee.