DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Albert James Graves, appeals his conviction in the Lorain County Court of Common Pleas. We affirm.
 {¶ 2} On August 4, 2004, Defendant was indicted on one count of possession of marijuana in violation of R.C. 2925.11(A), a fifth-degree felony; one count of possession of cocaine in violation of R.C. 2925.11(A), a first-degree felony with a major drug offender specification; one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2), a first-degree felony with a major drug offender specification; one count of possession of cocaine in violation of R.C. 2925.11(A), a fifth-degree felony; and one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2), a fourth-degree felony, for conduct which occurred on April 1, 2004. Defendant pled not guilty to the charges, and the matter proceeded to trial by jury on April 8 and April 9, 2008. Defendant was convicted on all charges and sentenced to an *Page 2 
aggregate prison term of eleven years. Defendant timely appealed and raises four assignments of error. We will discuss the assignments of error out of order for ease of analysis.
 Assignment of Error II "The trial court erred when it allowed videotaped statements of [Defendant] and his co-defendants to be shown to the jury and admitted into evidence."
 {¶ 3} Defendant's second assignment of error is that the trial court erred in admitting a videotape of Defendant and two co-defendants, Moriba Ramsey and James Williams, recorded while all three men were in the back seat of State Highway Patrol Officer Mark Neff s patrol car. Defendant moved to exclude the videotape in limine under three theories, all of which are at issue in this appeal: that admission of the statements recorded on the videotape violated his right to confront witnesses against him; that the statements were inadmissible as hearsay and that, regardless, the probative value of the statements on the recording was substantially outweighed by the risk of unfair prejudice or confusion that the recording engendered. The State responded by arguing that the statements recorded on the videotape were not culpatory with respect to Defendant and that Confrontation Clause concerns were not implicated; that the statements were not offered for the truth of the matter asserted and, therefore, not hearsay; that, if hearsay, they were properly admitted as exceptions to the hearsay rule under Evid. R. 803; and that, in any event, their probative value was not substantially outweighed by the risk of prejudice or confusion.
 {¶ 4} Assuming for purposes of this opinion that the statements recorded on the videotape constituted hearsay, they were properly admitted as exceptions to that rule as statements of present sense impression pursuant to Evid. R. 803(1). This Court reviews evidentiary rulings regarding hearsay for an abuse of the trial court's discretion.State v. Patel, 9th Dist. No. 24030, 2008-Ohio-4693, at ¶ 8. As we observed in Patel: *Page 3 
 "A trial court possesses broad discretion with respect to the admission of evidence. This includes the discretion to determine whether evidence constitutes hearsay and whether it is admissible or inadmissible hearsay. *** An appellate court will not disturb evidentiary rulings absent an abuse of the trial court's discretion. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." (Internal citations omitted.) Id.
Evid. R. 803(1) permits the admission of statements "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness[,]" regardless of the declarant's availability. Central to the admission of statements of present sense impression is the temporal proximity of statements to the event at issue:
 "The principle underlying this hearsay exception is the assumption that statements or perceptions, describing the event and uttered in close temporal proximity to the event, bear a high degree of trustworthiness. The key to the statement's trustworthiness is the spontaneity of the statement, either contemporaneous with the event or immediately thereafter. By making the statement at the time of the event or shortly thereafter, the minimal lapse of time between the event and statement reflects an insufficient period to reflect on the event perceived — a fact which obviously detracts from the statement's trustworthiness." Cox v. Olivers Machinery Co. (1987), 41 Ohio App.3d 28, 37.
When the statement is the "product of reflective thinking rather than spontaneous perception," Evid. R. 803(1) does not apply. See State v.Simmons, 9th Dist. No. 21150, 2003-Ohio-721, at ¶ 35-36.
 {¶ 5} The videotape at issue was recorded using a video recorder mounted to the dashboard of an Ohio State Highway Patrol cruiser. It records video of activities conducted in front of the cruiser and simultaneous audio from inside and immediately adjacent to the cruiser. Consequently, the cruiser records conversations that occur in the cruiser, but does not record video of the speakers. In this case, the video recorder captured audio and video related to Defendant's arrest from the stop of the vehicle in which he was a passenger through the search of *Page 4 
the vehicle and the arrest of its occupants. The portion of video at issue in Defendant's second assignment of error is approximately nine minutes long. It records the spoken reactions of Defendant and the car's other two occupants as they watch a police canine alert to their vehicle, the search of the vehicle, and the ultimate discovery of contraband in the trunk that followed. There are three distinct voices on the recording. One identifies himself repeatedly as the driver of the vehicle; another is notably different in pitch and timber from the other two.
 {¶ 6} Throughout the recording, the three individuals in the backseat of the cruiser react as they watch the progress of the search. Their comments reflect their frustration to have been stopped by police and their fear that the contents of the vehicle will be located, which mounts as the search moves from the passenger compartment to the trunk. The statements are spontaneous and immediately contemporaneous to the search that the speakers witnessed, and the conversation fits squarely within the definition of present sense impressions. The videotape was properly admitted under Evid. R. 803 on that basis.
 {¶ 7} Defendant has also argued that the admission of the statements recorded on the videotape violated his right to confront witnesses against him. The Sixth Amendment to the United States Constitution guarantees an accused the right to confront witnesses against him.Crawford v. Washington (2004), 541 U.S. 36, 54. Testimonial statements made by a witness may only be admitted when the declarant is unavailable and the defendant has previously been afforded the opportunity for cross-examination. Id. at 59. At issue in this appeal is whether the statements recorded on the videotape are testimonial by virtue of the fact that they were "`made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" State v. Sziva, 9th Dist. No. 23384, 2007-Ohio-5120, *Page 5 
at ¶ 16, quoting State v. Stahl, 111 Ohio St.3d 186, 2006-Ohio-5482, ¶ 19, quoting Crawford at 51-52.
 {¶ 8} To the extent that the videotape records Defendant's own reactions to the search of the vehicle, the Confrontation Clause is not implicated. See State v. Davis, 116 Ohio St.3d 404, 2008-Ohio-2, at ¶ 127. Nor does the Crawford analysis apply to comments by the other individuals in the recording. "Only [testimonial] statements *** cause the declarant to be a `witness' within the meaning of the Confrontation Clause. It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." (Internal citations omitted.) Davis v. Washington (2006), 547 U.S. 813,821. The recorded conversation at issue in this case contains the contemporaneous reactions of the speakers to events as they unfolded. They were not made in response to questions from law enforcement officers and, from the content of the statements, it can inferred that the speakers were not mindful of the recording equipment mounted directly in front of them. In short, the speakers were "not acting as *** witnesses]; [they were] not testifying. What [they] said was not `a weaker substitute for live testimony' at trial." Id. at 828, quotingUnited States v. Inadi (1986), 475 U.S. 387, 394.
 {¶ 9} Defendant finally argues that the admission of the videotape violates Evid. R. 403(A) because it is confusing. Defendant maintains that because the camera is facing forward and the Defendants are in the back seat of the patrol car, it cannot be determined who is speaking. Defendant further maintains that the "static and ambient noise from the trucks and cars driving by makes it virtually impossible to identify the speakers and understand exactly what is being said[.]" *Page 6 
 {¶ 10} Evid. R. 403(A) provides that otherwise relevant evidence is inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." "The trial court, however, has broad discretion to determine whether relevant evidence must be excluded in accordance with Evid. R. 403(A) because `the exclusion of relevant evidence under Evid. R. 403(A) is even more of a judgment call than determining whether the evidence has logical relevance in the first place.' (Emphasis in original.)"State v. Cromartie, 9th Dist. No. 06CA0107-M, 2008-Ohio-273, at ¶ 18, quoting State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 40.
 {¶ 11} Based upon our review of the videotape, there is no indication that the trial court abused its discretion in this case in admitting the tape. Defendant responded in a normal conversational tone to Williams and Ramsey's discussion about drugs being in the vehicle and did not seem shocked or upset about this allegedly unknown information. The tape, therefore, tended to show Defendant's knowledge of the drugs in the trunk of the car and was probative.
 {¶ 12} Moreover, any confusion the tape may have caused was minimal and did not substantially outweigh its probative value. Officer Neff identified the tape, described what was taking place, and identified each speaker. Our review of the videotape supports the officer's testimony. The videotape is substantially audible. Moreover, it can be determined from the context of the conversation who is speaking.
 {¶ 13} Defendant's second assignment of error is overruled.
 Assignment of Error I "The jury lost its way when it found [Defendant] guilty of possession and trafficking of cocaine and marijuana, as the evidence presented at trial was legally insufficient for a conviction." *Page 7 
 {¶ 14} In his first assignment of error, Defendant argues that "the evidence presented at trial was legally insufficient to find [Defendant] guilty of possession and trafficking of cocaine and marijuana[.]" Defendant also asserts that "the evidence presented at trial was legally insufficient to find that [he] had knowledge of the existence of the drugs found in the trunk of [co-defendant] Williams' car."
 {¶ 15} We initially note that although Defendant's stated assignment of error challenges the sufficiency of the evidence related to his convictions for possession and trafficking, his argument in the body of his brief only challenges the sufficiency of the evidence related to R.C. 2925.11 (possession) and the elements of knowledge and possession related thereto. He does not assert that there was insufficient evidence to establish any of the elements of R.C. 2925.03(A)(2) (trafficking). Thus, our review will be limited to whether the evidence was sufficient to support Defendant's conviction for possession. See, State v.Lortz, 9th Dist. No. 23762, 2008-Ohio-3108, at ¶ 24 (declining to address an undeveloped argument when the body of the brief does not contain any analysis.).
 {¶ 16} This Court assesses the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. To make this determination, we view the evidence in the light most favorable to the prosecution. Id.; State v. Feliciano (1996), 115 Ohio App.3d 646,653. "In essence, sufficiency is a test of adequacy." State v.Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 17} Defendant was convicted of violating R.C. 2925.11(A), which states that "[n]o person shall knowingly obtain, possess, or use a controlled substance." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a *Page 8 
certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "`[Possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).
 {¶ 18} "Possession may be either actual or constructive." State v.Kobi (1997), 122 Ohio App.3d 160, 174, citing State v. Haynes (1971), 25 Ohio St.2d 264, 269-70. "Constructive possession will be found when a person knowingly exercises dominion or control over an item, even without physically possessing it. While mere presence in the vicinity of the item is insufficient to justify possession, ready availability of the item and close proximity to it support a finding of constructive possession." (Internal citations omitted.) State v. Lamb, 9th Dist. No. 23418, 2007-Ohio-5107, at ¶ 12. "The presence of drugs in a usable form in close proximity to a defendant — such as in an automobile — can be circumstantial evidence from which constructive possession is inferred."State v. Kracker, 9th Dist. No. 23986, 2008-Ohio-4339, at ¶ 20, citingState v. Fletcher, 9th Dist. No. 23171, 2007-Ohio-146, at ¶ 19-22.
 {¶ 19} The fact that a defendant possesses the keys to an automobile is a strong indication that he possesses the automobile and the items inside. State v. Ray, 9th Dist. No. 03CA0062-M, 2004-Ohio-3412, at ¶ 23. "Thus, dominion and control over the vehicle can establish dominion and control over the items within the vehicle, including contraband such as drugs or weapons." Ray at ¶ 24, citing State v.Paul, 8th Dist. No. 79596, 2002-Ohio-591.
 {¶ 20} Defendant argues that there was not sufficient evidence to establish that he had possession of the drugs and/or knew the drugs were in the trunk. We disagree. As noted above in our discussion of Defendant's second assignment of error, there was evidence at trial from *Page 9 
which a jury could determine that Defendant was aware of the drugs. Moreover, the record demonstrates that Defendant had the keys to the vehicle in his pocket. A jury could determine from this evidence that Defendant had constructive possession of the items in the trunk. SeeRay at ¶ 23-24.
 {¶ 21} Based on the foregoing, we cannot say that the State failed to present sufficient evidence to support Defendant's conviction. Defendant's first assignment of error is overruled.
 Assignment of Error III "The prosecutor engaged in prosecutorial misconduct during [Defendant's] trial in violation of his right to due process."
 {¶ 22} In his third assignment of error, Defendant argues that the prosecutor improperly referenced hearsay statements from the videotape in his closing argument. Defendant maintains that the State specifically asks the jury to consider the videotape statements for their truth "contrary to [the State's] previously stated reasons for admissibility." We disagree.
 {¶ 23} "The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant." State v.Smith (1984), 14 Ohio St.3d 13, 14. A prosecutor does not commit misconduct unless it is established that the conduct deprived the defendant of a fair trial. State v. Maurer (1984), 15 Ohio St.3d 239,266. Accordingly, Defendant must demonstrate a reasonable probability that "but for the prosecutor's misconduct, the result of the proceeding would have been different." State v. Overholt, 9th Dist. No. 02CA0108-M, 2003-Ohio-3500, at ¶ 47.
 {¶ 24} We initially note that Defendant acknowledges that trial counsel failed to object during the State's closing argument and thus, has forfeited all but plain error. See State v. Smith,97 Ohio St.3d 367, 2002-Ohio-6659, at ¶ 45, citing State v. Slagle (1992),65 Ohio St.3d 597. See, generally, State v. Payne, 113 Ohio St.3d 502,2007-Ohio-4342, at ¶ 23-24. A plain error or *Page 10 
defect that affects a substantial right may be noticed even if it was not brought to the attention of the trial court; however, the "plain error must be obvious on the record, such that it should have been apparent to the trial court without objection." State v. Kobelka (Nov. 7, 2001), 9th Dist. No. 01CA007808, at *2, citing State v. Tichon
(1995), 102 Ohio App.3d 758, 767. "As notice of plain error is to be taken with utmost caution and only to prevent a manifest miscarriage of justice, the decision of a trial court will not be reversed due to plain error unless the defendant has established that the outcome of the trial clearly would have been different but for the alleged error." State v.Chapman, 9th Dist. No. 07CA009161, 2008-Ohio-1452, at ¶ 24, citingKobelka at *2.
 {¶ 25} Defendant has pointed us to five segments of the State's closing argument that he argues constitute misconduct because the prosecutor referred to hearsay statements from the videotape and asked the jury to consider these statements for their truth. The trial court, however, admitted the videotape into evidence without limitation. Thus, the State was free to reference the evidence presented in the videotape as it saw fit, and the trial court did not commit plain error in allowing it to do so.
 {¶ 26} Defendant's third assignment of error is overruled.
 Assignment of Error IV "[Defendant] was not afforded the effective assistance of trial counsel in violation of the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 27} Defendant finally argues that he was denied the effective assistance of trial counsel because counsel failed to object to the State's reference to the statements made in the videotape during closing argument. *Page 11 
 {¶ 28} "This court analyzes claims of ineffective assistance of counsel under a standard of objective reasonableness." State v.Myers, 9th Dist. No. 23853, 2008-Ohio-1913, at ¶ 28, citingStrickland v. Washington (1984), 466 U.S. 668, 688. See, also, State v.Bradley (1989), 42 Ohio St.3d 136, 142. Defendant "must show * * * that the errors made by counsel were `so serious as to deprive the defendant of a fair trial[.]'" Myers at ¶ 28, quoting Strickland, 466 U.S. at 687. "A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different." Myers at ¶ 28, citingStrickland, 466 U.S. at 694.
 {¶ 29} Defendant was not denied his right to effective assistance of counsel because, as noted in our discussion of Defendant's third assignment of error, the State's reference to the evidence contained in the videotape during closing argument was not erroneous. Thus, Defendant has not established the first prong of the Strickland test of establishing that trial counsel's failure to object during closing argument constituted error. Defendant's fourth assignment of error is overruled.
 {¶ 30} Each of Defendant's assignments of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 12 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, J. CONCURS