[Cite as *Graves v. State*, 2014-Ohio-3537.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | | |
|---|---|---|
| ALBERT GRAVES | | C.A. No.    13CA010479 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STATE OF OHIO | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No.    12 CV 176687 |

DECISION AND JOURNAL ENTRY

Dated: August 18, 2014

WHITMORE, Judge.

{¶1}   Plaintiff, Albert Graves, appeals from the judgment of the Lorain County Court of Common Pleas, denying his claim to be declared a wrongfully imprisoned individual. This Court reverses.

I

{¶2}   In 2004, Graves was riding in the back seat of a car travelling east on Interstate 80 in Lorain County. *State v. Graves*, 9th Dist. Lorain No. 08CA009397, 2011-Ohio-5997, ¶ 1. The Ohio State Highway Patrol stopped the car for traffic violations and found crack cocaine, powder cocaine, and marijuana in the trunk. *Id.* Graves was subsequently convicted by a jury of various charges of possession and trafficking of cocaine and marijuana, all felonies. *Id.* at ¶ 7-8. The court sentenced Graves to a total of eleven years in prison. *Id.* at ¶ 8. This Court initially affirmed his convictions. *State v. Graves*, 9th Dist. Lorain No. 08CA009397, 2009-Ohio-1133. However, subsequently, this Court found Graves' appellate counsel was ineffective for failing to

raise the issue of allied offenses and granted his request to reopen his appeal. *State v. Graves*, 2011-Ohio-5997, ¶ 9-11. Upon reopening, this Court reversed Graves' convictions, concluding that the State had failed to present sufficient evidence to support his convictions. *Id.* at ¶ 12-23. Graves served approximately three years and seven months in prison before he was released.

{¶3} On June 8, 2012, Graves filed a civil action in the Lorain County Court of Common Pleas, requesting to be declared a wrongfully imprisoned person so that he could seek compensation from the State. The parties agreed to submit the matter to the court for consideration based on the trial transcript, a transcript of Graves' deposition, and various briefs filed by each party. The court found that Graves had "not met his burden of proof by a preponderance of the evidence under R.C. 2743.48(A)(1-4)" and entered judgment in favor of the State. Graves now appeals and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED BY HOLDING THAT MR. GRAVES FAILED TO CARRY HIS EVIDENTIARY BURDEN PURSUANT TO R.C. 2743.48(A)(1-4)'S REQUIREMENTS.

{¶4} In his first assignment of error, Graves argues that the court erred in finding that he had not met the requirements of R.C. 2743.48(A)(1)-(4). We agree.

{¶5} "The General Assembly has developed a two-step process to compensate those who have been wrongfully imprisoned." *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, ¶ 10. First, a person seeking compensation must file a civil action "in the court of common pleas in the county where the underlying criminal action was initiated" to be declared a "wrongfully imprisoned individual." *See* R.C. 2743.48(B)(1). Second, once declared a wrongfully

imprisoned individual, that person may then file a claim for compensation in the Court of Claims. *See* R.C. 2743.48(D).

{¶6} To be declared a "wrongfully imprisoned individual" under R.C. 2743.48, a person "must prove all of the factors in R.C. 2743.48(A) by a preponderance of the evidence." *Doss* at paragraph one of the syllabus. R.C. 2743.48(A) requires:

> (1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.
>
> (2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.
>
> (3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.
>
> (4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.
>
> (5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶7} The trial court found that Graves had "not met his burden of proof by a preponderance of the evidence under R.C. 2743.48(A)(1-4)" and granted judgment in favor of the State on this basis. On appeal, the State argues that the first four elements are not at issue and that the trial court's entry was merely a typographical error. However, it is axiomatic that the court speaks through its journal entries. *See PNC Bank, Natl. Assn. v. Bramson*, 8th Dist. Cuyahoga No. 97626, 2012-Ohio-2209, ¶ 11. This Court may not assume that the plain language

in the trial court's entry was simply a typographical error and that the court based its decision on a separate section of the statute entirely. *See id*. ("Journal entries must be construed, as any other written instruments, by giving the language of the journal entry its ordinary meaning.").

**{¶8}** Graves was charged with possession and trafficking of cocaine and marijuana. *Graves*, 2011-Ohio-5997, at ¶ 7. His charges were all felonies. *Id*. This satisfies R.C. 2743.48(A)(1). Graves was found guilty by a jury on all charges. *Graves* at ¶ 8. Therefore, the requirements of R.C. 2743.48(A)(2) are met. Graves was sentenced to a definite prison term of eleven years; thus, satisfying R.C. 2743.48(A)(3). *Graves* at ¶ 8. In 2011, this Court reversed Graves' convictions, concluding that his convictions were based on insufficient evidence. *Graves* at ¶ 12-23. Because his convictions were reversed on the basis of sufficiency, the State is barred from further prosecution. *See State v. Calhoun*, 18 Ohio St.3d 373, 376 (1985), citing *Greene v. Massey*, 437 U.S. 19 (1978). Additionally, the time for any further appeal has run. Therefore, R.C. 2743.48(A)(4) has been satisfied.

**{¶9}** Because Graves has satisfied the elements of R.C. 2743.48(A)(1)-(4), the court erred in finding otherwise. Accordingly, Graves' first assignment of error is sustained.

Assignment of Error Number Two

> THE TRIAL COURT ERRED BY IGNORING ALL OF MR. GRAVES' ARGUMENTS AS TO R.C. 2743.48(A)(5).

**{¶10}** In his second assignment of error, Graves argues that the court erred in failing to address R.C. 2743.48(A)(5). We agree.

**{¶11}** To be declared a wrongfully imprisoned person, the individual must satisfy all of the five elements of R.C. 2743.48(A). *Doss*, 135 Ohio St.3d 211, 2012-Ohio-5678, at paragraph one of the syllabus. As discussed in Graves' first assignment of error, he has satisfied R.C.

2743.48(A)(1)-(4). Therefore, the court must determine whether he meets the requirements of R.C. 2743.48(A)(5).

**{¶12}** R.C. 2743.48(A)(5) "may be fulfilled in one of two ways: (1) subsequent to sentencing and during or subsequent to imprisonment 'an error in procedure resulted in the individual's release' or (2) the charged offense (and any lesser included offense) was not committed by the individual or no crime was committed at all (actual innocence)." *Mansaray v. State*, 138 Ohio St.3d 277, 2014-Ohio-750, ¶ 7 quoting *Doss* at ¶ 12.

**{¶13}** The trial court found that Graves had not met the requirements of R.C. 2743.48(A)(1)-(4) and did not address the parties' arguments regarding R.C. 2743.48(A)(5). Because we have concluded the court erred in its finding, we agree that the court erred in failing to address whether Graves had met the requirements of R.C. 2743.48(A)(5). However, this Court will not address the issue at this time. Instead, the case is reversed and remanded for the trial court to consider R.C. 2743.48(A)(5) in the first instance. *See Syverson v. Syverson*, 9th Dist. Lorain No. 12CA010205, 2012-Ohio-5569, ¶ 16. Graves' second assignment of error is sustained.

### III

**{¶14}** Graves' assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

TERRY H. GILBERT, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and DANIEL F. PETTICORD, Assistant Prosecuting Attorney, for Appellee.